UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61686-CIV-COHN/SELTZER

OLIVER LICUL and SCHEHEREZADE
MARLES, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Dispositive Motion to Dismiss [DE 18] ("Motion"). The Court has considered the Motion, Plaintiffs' Opposition [DE 28], and Defendant's Reply [DE 30], and is otherwise advised in the premises.

**I.   BACKGROUND**

This putative class action arises from an alleged defect in the door-locking mechanisms of Volkswagen Jetta sedans ("Jettas"). Plaintiffs allege that Jettas of model years 1999 to 2012, manufactured and sold by Defendant Volkswagen Group of America, Inc. ("Volkswagen"), contain defective door-locking mechanisms (the "Door Locks"). DE 1 ¶ 2. Specifically, the Door Locks allegedly fail, and passengers are unable to lock or unlock the Jettas. Id. ¶ 3. If the Door Locks fail in the "locked" position, consumers may become locked in or out of their cars. Id. If the Door Locks fail in the "unlocked" position, the unlocked doors may pose a safety hazard or render the Jettas more susceptible to crime. Id.

Plaintiffs contend that Volkswagen knew of the defects in the Door Locks as early as February 7, 2000.  Id. ¶ 26.  Volkswagen, however, continues to manufacture and sell the Jettas.  Id. ¶ 29.  Plaintiffs allege that Volkswagen has concealed the defects of the Door Locks from consumers.  Id. ¶ 6.

The named plaintiffs herein, Oliver Licul and Scheherezade Marles, have at various times owned a Jetta.  Specifically, in April 2001, Marles purchased a new 2001 Jetta.  Id. ¶ 34.  Marles's Jetta, like other Jettas, came with a two-year/24,000-mile limited warranty, which covered repairs to correct manufacturer's defects.  Id. ¶ 17.  Marles married Licul in 2006, at which time she sold the Jetta to Licul.  Id. ¶ 34.  In 2011, the front driver-side Door Lock on Plaintiffs' Jetta failed, and froze in the "locked" position.  Id. ¶ 35.  In 2012, the Door Locks on the rear doors of the Jetta also failed.  Id. ¶ 36.

Plaintiffs have brought suit against Volkswagen based upon the defective Door Locks.  They seek relief on their own behalf and on behalf of similarly situated owners and lessees of Jettas.  Id. ¶¶ 44–45.  Plaintiffs have asserted five causes of action: (1) Violation of the Magnuson-Moss Act (id. ¶¶ 53–68); (2) Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (id. ¶¶ 69–75); (3) Breach of Express Warranty (id. ¶¶ 76–84); (4) Breach of the Duty of Good Faith and Fair Dealing (id. ¶¶ 85–88); and (5) Unjust Enrichment (id. ¶¶ 89–94).  Volkswagen has moved to dismiss.

## II.  DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the

complaint cannot support the asserted cause of action.  Glover, 459 F.3d at 1308. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

### B. Analysis

#### 1. Breach of Express Warranty Under Florida Law

Plaintiffs' claim for breach of express warranty under Florida law fails because the express warranty on their Jetta expired prior to the manifestation of the Door Locks' defects.  Plaintiffs have also failed to plead that the durational limits on the express warranty were unconscionable.  Because Plaintiffs cannot establish a breach of the express warranty during its term, the Court will dismiss the claim.

The defect in the Door Locks of Plaintiffs' Jetta manifested well after the expiration of their express warranty.  See DE 1 ¶¶ 17, 34–36.  As a general rule, a

plaintiff may not bring a claim for breach of an express warranty where a defect has not manifested during the warranty period.  E.g., Brisson v. Ford Motor Co., 349 F. App'x 433, 434 (11th Cir. 2009) (per curiam); Aprigliano v. Am. Honda Motor Co., No. 13-22066, 2013 U.S. Dist. LEXIS 154539, at *23–24 (S.D. Fla. Oct. 28, 2013); see also Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 250 (2d Cir. 1986) (collecting cases).  Plaintiffs argue that the defective Door Locks pose an exception to the rule, because Volkswagen knew of the defect when it sold a Jetta to Marles.  DE 28 at 15.

A defendant's knowledge of a latent defect at the time of sale, however, does not salvage a claim for breach of express warranty where the warranty has expired before the defect manifests.  See, e.g., Aprigliano, 2013 U.S. Dist. LEXIS 154539, at *2, *23–24 (dismissing express warranty claim where latent defect in defendant's knowledge since time of manufacture manifested only after expiration of warranty); McCabe v. Daimler AG, No. 12-2494, 2013 U.S. Dist. LEXIS 80161, at *18–20 (N.D. Ga. June 7, 2013) (applying, inter alia, Florida law); Suddreth v. Mercedes-Benz, LLC, No. 10-05130, 2011 U.S. Dist. LEXIS 126237, at *8–9 (D.N.J. Oct. 31, 2011). "[V]irtually all product failures discovered in automobiles after the expiration of the warranty can be attributed to a 'latent defect' that existed at the time of sale or during the term of the warranty." Abraham, 795 F.2d at 250.  Manufacturers are aware of these potential failures and consider them in pricing and setting limitations upon warranties.  Id.  To hold that a manufacturer's knowledge of potential failures renders such limitations unenforceable would thus "render meaningless time/mileage limitations

4

in warranty coverage," id., and would be contrary to the overwhelming weight of precedent enforcing such limitations.

Plaintiffs nevertheless argue that the defects of the Door Locks require different treatment because they could "manifest at any time." DE 28 at 15.  Plaintiffs do not explain why a defendant's knowledge of a defect that can "manifest at any time" should be treated any differently than a defect that is expected to manifest after a given period of time.  In either case, the manufacturer is aware of a flaw in the product that it has sold, and has represented that it will remedy such defect if it manifests during the term of the express warranty.  The Court thus declines Plaintiff's invitation to craft an exception to the rule that a defendant's knowledge of a defect does not allow a plaintiff to state a claim for breach of warranty upon a defect that manifests after the warranty's expiration.  Cf. Aprigliano, 2013 U.S. Dist. LEXIS 154539, at *2, *23–24 (dismissing claim brought after expiration of warranty period where manifestation of defect not alleged to depend upon passage of given timeframe).

The Court also rejects Plaintiffs' contention that the durational limits on the Jetta's express warranty are unconscionable.  Under Florida law, a court may refuse to enforce an unconscionable contract or clause.  Fla. Stat. § 672.302.  A contract or clause is unconscionable when it is both procedurally and substantively unconscionable.  Zephyr Haven Health & Rehab Ctr., Inc. v. Hardin, 122 So. 3d 916 (Fla. 2d DCA 2013); Premier Real Estate Holdings, LLC v. Butch, 24 So. 3d 708, 711 (4th DCA 2009); Fotomat Corp. v. Chanda, 464 So. 2d 626, 629–31 (Fla. 5th DCA 1985).  Plaintiffs, however, do not contend that the warranty was substantively unconscionable, nor have they sufficiently pled procedural unconscionability.

5

A contract is substantively unconscionable if its provisions are "so 'outrageously unfair' as to 'shock the judicial conscience.'" Gainesville Health Care Ctr., Inc. v. Weston, 857 So. 2d 278, 284–85 (Fla. 1st DCA 2003).  Plaintiffs do not argue that the duration limitation of the warranty was so unreasonable as to "shock the judicial conscience," which is understandable given that such limitations are both common in the industry and routinely enforced by the courts.  See generally In re OnStar Contract Litig., 278 F.R.D. 352, 385 (E.D. Mich. 2011) (discussing approach of courts to durational limitations in automobile warranties); Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824, 830–32 (Cal. App. 2006) (same).

Procedural unconscionability, on the other hand, may arise if the circumstances surrounding a transaction indicate that the complaining party had no meaningful choice at the time of contracting.  Gainesville Health Care Ctr., Inc., 857 So. 2d at 284.  Plaintiffs do not allege that they had no meaningful choice at the time of contracting, no opportunity to bargain, or no opportunity to understand the terms of their contract.  See id.  Instead, Plaintiffs suggest that the warranty was procedurally unconscionable because Volkswagen's knowledge of the defective Door Locks resulted in a "substantial disparity in the parties' relative bargaining power."  DE 28 at 16 (internal quotation marks omitted).  However, unconscionability of an express warranty requires more than a defendant's mere knowledge of a defect at the time of sale.  McCabe, 2013 U.S. Dist. LEXIS 80161, at *18–20; see also Suddreth, 2011 U.S. Dist. LEXIS 126237, at *8–9 (rejecting argument for unconscionability of warranty's durational limitations premised solely on defendant's knowledge of defect).  Without more, Plaintiffs have failed to allege facts supporting a finding of procedural unconscionability.

6

In sum, Plaintiffs cannot bring a claim for breach of warranty because the defect they complain of manifested after the expiration of the express warranty.  Volkswagen's alleged knowledge of the defect at the time of sale does not require a different outcome.  Nor have Plaintiffs pled facts that would justify ignoring the warranty's durational limitations on unconscionability grounds.  The Court will therefore dismiss Plaintiffs' state-law claim for breach of express warranty.

### 2. Breach of Express Warranty Under the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, et seq.)

The Magnuson-Moss Warranty Act ("MMWA") provides a federal cause of action to consumers for breaches of product warranties.  15 U.S.C. § 2310(d)(1).  Some disagreement exists among the courts regarding whether the MMWA incorporates state law on warranty actions or creates an independent cause of action.  Karhu v. Vital Pharms., Inc., No. 13-60786, 2013 U.S. Dist. LEXIS 112613, at *14 (S.D. Fla. Aug. 9, 2013).  Plaintiffs seize upon this ambiguity to argue that Volkswagen's arguments for the dismissal of the state-law breach of express warranty claim do not justify dismissal of the MMWA claim.  DE 28 at 17–18.

The Court need not delve into the intricacies of the relationship between state law and the MMWA to conclude that Plaintiffs fail to state a MMWA claim for breach of express warranty.  In Brisson v. Ford Motor Co., the Eleventh Circuit illustrated that the rule preventing a plaintiff from claiming breach of an express warranty where a defect has not manifested during the warranty period applies with equal force in the MMWA context.  349 F. App'x 433.  In affirming a district court's dismissal of a MMWA claim for breach of express warranty, the Eleventh Circuit agreed with the lower court's finding that the plaintiffs' failure to allege that they experienced a defect within the durational

7

limitations of the express warranty was fatal to claims of both express and implied warranties under the MMWA.  Id. at 434–35; see also Brisson v. Ford Motor Co., 602 F. Supp. 2d 1227, 1231–33 (M.D. Fla. 2009), rev'd on other grounds, 349 F. App'x 433 (11th Cir. 2009) (per curiam).  Therefore, because the defects in Plaintiffs' Door Lock did not manifest prior to the expiration of the warranty on their Jetta, they cannot state a claim for breach of express warranty, under state law or the MMWA.

### 3. Breach of the Duty of Good Faith and Fair Dealing

Volkswagen argues (DE 18 at 17–18), and Plaintiff does not contest (DE 28 at 19), that a cause of action for breach of the implied covenant of good faith and fair dealing may only succeed where premised upon a breach of an express term of a contract.  See Centurion Air Cargo, Inc. v. UPS Co., 420 F.3d 1146, 1152 (11th Cir. 2005).  Here, Plaintiffs premise their claim for breach of the implied covenant of good faith and fair dealing upon the alleged breach of the terms of the express warranty.  See DE 28 at 19.  Because Plaintiffs cannot state a claim for breach of the warranty (see supra pp. 3–7), neither can they state a claim for breach of the implied covenant of good faith and fair dealing contained in that contract.  See Centurion Air Cargo, Inc., 420 F.3d at 1152.  The Court therefore will dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

### 4. Violation of FDUTPA (Fla. Stat. § 501.201, et seq.)

Volkswagen next argues that Plaintiffs have failed to plead a claim for a violation of FDUTPA and that any such claim would be time-barred.  The Court agrees that Marles cannot plead a FDUTPA claim, as she has suffered no actual damage from Volkswagen's alleged misconduct.  Plaintiffs' FDUTPA claim also appears time-barred. The Court will therefore dismiss Plaintiffs' FDUTPA claim.

Volkswagen contends that Plaintiffs have failed to plead a FDUTPA claim because Plaintiffs have not alleged the facts supporting their claim with the particularity required by Federal Rule of Civil Procedure 9(b).  DE 18 at 13–14.  As this Court has previously acknowledged, courts within this district have reached varying conclusions with regard to whether Rule 9(b) applies to FDUTPA claims.  See Toback v. GNC Holdings, Inc., No. 13-80526, 2013 U.S. Dist. LEXIS 131135, at *4–5 & n.1 (S.D. Fla. Sept. 13, 2013).  This Court, however, has held that Rule 9(b) does not apply to FDUTPA claims, see id., and is not persuaded that it should reconsider this position.  The Court therefore declines to dismiss Plaintiffs' FDUTPA claim for failure to satisfy Rule 9(b).

Nevertheless, the FDUTPA claim with respect to Marles is insufficiently pled, even under the more lenient standard of Rule 8.  A plaintiff asserting a FDUTPA claim must allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.  Galstadi v. Sunvest Cmnties. USA, LLC, 637 F. Supp. 2d 1045,1056 (S.D. Fla. 2009).  Here, Marles cannot plead actual damages.  Marles contends that she was harmed by Volkswagen's failure to disclose the defect in the Door Locks because she paid more for her Jetta than she otherwise would have, thereby suffering from the diminished value of the Jetta.  DE 28 at 11–12 (citing Collins v. DaimlerChrysler Corp., 894 So. 2d 988, 990 (Fla. 5th DCA 2004)).  Her claim fails, however, because she also sold the Jetta to an unsuspecting purchaser before the defect in the Door Locks had manifested.  In other words, Marles purchased the Jetta at a price that did not take account of the defect, and she sold the Jetta at a price that did not take account of the defect.  She therefore did not suffer the loss of any value in the Jetta that could

9

constitute "actual damages."  See Avery v. State Farm Mut. Auto Ins. Co., 216 Ill. 2d 100, 195–97 (2005) (holding no "actual damage" under Illinois Consumer Fraud Act where plaintiff sought damages for unsatisfactory parts used in vehicle, but had sold vehicle at price that did not reflect lower value resulting from inclusion of such parts). Nor did Marles suffer from the defect itself during the term of her title to the Jetta, as the defect manifested only after she had sold the car to Licul.  DE 1 ¶¶ 34–35.  Because Marles cannot show any pecuniary loss or other inconvenience arising from the defective Door Locks while she held title to the Jetta, she cannot plead actual damages, and her claim under FDUTPA is deficient as a matter of law.  See Dorestin v. Hollywood Imps., Inc., 45 So. 3d 819, 824–25 (Fla. 4th DCA 2010).

Plaintiffs' FDUTPA claim also appears time-barred.  The statute of limitations on a FDUTPA claim expires four years from the date of sale of the product at issue.  Fla. Stat. § 95.11(3)(f); Matthews v. Am. Honda Motor Co., No. 12-60630, 2012 U.S. Dist. LEXIS 90802, at *9–12 (S.D. Fla. June 6, 2012).  The limitations period on the FDUTPA claim in this action, barring the application of any tolling doctrine, therefore expired in 2005, four years after Marles purchased the Jetta from Volkswagen.  See DE 1 ¶ 34.

Plaintiffs contend that the doctrines of delayed discovery, equitable estoppel, and fraudulent concealment toll the statute of limitations in this action.  DE 28 at 4–8.  As an initial matter, the delayed discovery rule is inapplicable to FDUTPA claims. Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, SPA, 505 F. App'x 899, 905–06 (11th Cir. 2013), cert. denied, 187 L. Ed. 2d 39 (U.S. 2013).  Equitable estoppel, on the other hand, only applies when a plaintiff is aware that he has a cause of action during the limitations period, but forbears from bringing suit because of the defendant's

10

misrepresentations.  Spadaro v. City of Miramar, 855 F. Supp. 2d 1317, 1329 (S.D. Fla. 2012); Black Diamond Props., Inc. v. Haines, 69 So. 3d 1090, 1093–94 (Fla. 5th DCA 2011).  Because Plaintiffs did not know of the defective Door Locks until after the limitations period had expired, the doctrine of equitable estoppel is inapplicable here.  See Spadaro, 855 F. Supp. 2d at 1329.

    Plaintiffs have also failed to plead facts to support tolling under the doctrine of fraudulent concealment, though the doctrine could conceivably apply here.  A plaintiff seeking to toll the statute of limitations as a result of fraudulent concealment "must allege . . . (1) successful concealment of the cause of action, (2) fraudulent means to achieve that concealment, and (3) plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of his claim."  Burr v. Philip Morris USA Inc., No. 07-01429, 2012 U.S. Dist. LEXIS 159084, at *10–11 (M.D. Fla. Sept. 28, 2012) (citing Berisford v. Jack Eckerd Corp., 667 So. 2d 809, 811–12 (Fla. 4th DCA 1995)).  The "fraudulent means" alleged must go beyond mere non-disclosure, and must constitute active and willful concealment.  Raie v. Cheminova, Inc., 336 F.3d 1278, 1282 n.1 (11th Cir. 2003); Nardone v. Reynolds, 333 So. 2d 25, 39 (Fla. 1976).

    Here, casting aside the conclusory labels applied by Plaintiffs to Volkswagen's actions, Plaintiffs have failed to plead any facts to support their claim that Volkswagen concealed the defects in the Door Locks through any fraudulent means.  In terms of actual facts, Plaintiffs allege only that Volkswagen "has not publicized the defect to the public" (DE 1 ¶ 5), has not "warned its customers of the defect" of the Door Locks (id. ¶ 28), and "fail[ed] to notify Plaintiffs . . . of the Defective Door Lock in the [Jettas]" (id. ¶ 87).  These allegations of Volkswagen's inaction and non-disclosure are wholly

11

insufficient to supply the affirmative steps taken to prevent Plaintiffs from discovering the basis of their claims that would be necessary before tolling based on fraudulent concealment becomes appropriate.  See Raie, 336 F.3d at 1282 n.1; Burr, 2012 U.S. Dist. LEXIS 159084, at *13.

Nor are Plaintiffs' allegations salvaged by their unsupported conclusions of more dastardly behavior, for example that Volkswagen "actively concealed and failed to disclose the Defective Door Lock" (DE 1 ¶ 6), made a "conscious effort to conceal material facts" (id. ¶ 10), "concealed its knowledge from Plaintiffs and other consumers" (id. ¶ 29), "knowingly and intentionally conceal[ed] . . . the fact that the [Jettas] suffer from a defect" (id. ¶ 73), and that "[a]ny applicable statute of limitations has been tolled by [Volkswagen's] knowing and active concealment and denial of the facts alleged [in the Complaint]" (id. ¶ 43).  These assertions of concealment are devoid of actual facts showing Volkswagen's purported intent or actions taken to conceal the defects in the Door Locks.

Because Plaintiffs have pled only labels and conclusions to support their theory of fraudulent concealment, tolling of the applicable limitations period is inappropriate, and the Court will dismiss the FDUTPA claim with respect to Licul as time-barred .  See Fla. Stat. § 95.11(3)(f); Twombly, 550 U.S. at 555.  Nevertheless, because Plaintiffs may be able to allege additional facts to justify tolling under the fraudulent concealment doctrine, this dismissal shall be without prejudice.[1]

---

[1] Because the Court finds that Plaintiffs have failed to plead fraudulent concealment under the standard of Rule 8, it declines to address whether Plaintiffs must satisfy the heightened pleading standard of Rule 9(b) to justify tolling.  Cf. Wallace v. Mortg. Elec. Registration Sys., Inc., No. 10-2509, 2011 U.S. Dist. LEXIS 36415, at *9–10 (M.D. Fla. Apr. 1, 2011) (applying Rule 9(b) to find that plaintiff had failed to

12

**5. <u>Unjust Enrichment</u>**

Finally, the Court will dismiss Plaintiffs' claim for unjust enrichment as duplicative of the other counts in the Complaint. Unjust enrichment is an equitable cause of action that is unavailable where the underlying wrongs are properly addressed by a legal remedy. <u>Bowleg v. Bowe</u>, 502 So. 2d 71, 72 (Fla. 3d DCA 1987). A plaintiff may plead unjust enrichment as an alternative theory to a legal cause of action. <u>Weaver v. Mateer & Harbert, P.A.</u>, No. 09-514, 2012 U.S. Dist. LEXIS 104771, at *55–56 (M.D. Fla. July 27, 2012), <u>aff'd</u>, 523 F. App'x 565 (11th Cir. 2013). However, where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action. <u>Id.</u> at *56 ("[A]lthough Plaintiff may be entitled to plead in the alternative, that is not what Plaintiff has done in this case. Plaintiff's unjust enrichment claim relies on the factual predicate common to all its claims.").

Here, Plaintiffs' unjust enrichment claim is a vague catch-all that does no more than incorporate by reference the alleged wrongdoing already addressed by their other legal causes of action, and thus should be dismissed as duplicative. <u>See</u> DE 1 ¶¶ 91–93. Plaintiffs allege broadly that it would be inequitable for Volkswagen to retain benefits gained through the "misconduct" and "unfair and deceptive conduct" alleged elsewhere throughout the Complaint. <u>Id.</u> ¶¶ 92–93. Plaintiffs make no effort to distinguish the "misconduct" and "unfair and deceptive conduct" supporting their unjust enrichment claim from the alleged wrongdoing underlying their FDUTPA claim.

---

plead tolling based upon failure to disclose and deceptive lending practices); <u>Williams v. Saxon Mortg. Servs., Inc.</u>, No. 06-0799, 2007 U.S. Dist. LEXIS 72337, at *13 n.8 (S.D. Ala. Sept. 27, 2007) (collecting precedent holding that allegations of fraud supporting tolling must satisfy Rule 9(b) standard).

See DE 1 ¶¶ 69–75.  Therefore, if Volkswagen's sale of the Jettas was "unfair and deceptive," Plaintiffs' appropriate legal remedy is under FDUTPA.  See Guerrero v. Target Corp., 889 F. supp. 2d 1348, 1356–57 (S.D. Fla. 2012) (dismissing as duplicative unjust enrichment claim predicated on "same wrongful conduct as [plaintiff's] FDUTPA claim").

      The unjust enrichment claim also fails as an alternative to Plaintiffs' breach of warranty claims.  Plaintiffs assert their unjust enrichment claim "in the alternative . . . to the extent that any contracts do not govern the entirety of the subject matter of the disputes with Defendant."  DE 1 ¶ 90.  Plaintiffs acknowledge that "an unjust enrichment claim can only be pled in the alternative [to a contract claim] if one or more parties contest the existence of an express contract governing the subject of the dispute." DE 28 at 20 (quoting Zarella v. Pac. Life Ins. Co., 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010)).  Defendant concedes that the express warranty supporting Plaintiffs' warranty claims exists to govern the relationship between the parties with regard to the defective Door Locks.  DE 18 at 19; DE 30 at 10.  Plaintiffs nevertheless contend that Volkswagen "contests the existence of an express contract governing the subject of the dispute."  DE 28 at 20.  The passage in Volkswagen's papers which Plaintiffs rely upon to support this contention, however, is not a denial of the existence of a contract, but instead refers to a purported lack of detail in Plaintiffs' allegations supporting their breach-of-good-faith claim.  See DE 18 at 17–18.  Plaintiffs' unjust enrichment claim therefore also fails as an alternative to their breach of warranty claims.  See Weaver, 2012 U.S. Dist. LEXIS 104771, at *55–56.

14

Because Plaintiffs' unjust enrichment claim merely restates their other causes of action, it fails as a matter of law. See Bowleg, 502 So. 2d at 72. The Court will therefore dismiss the claim for unjust enrichment.[2]

## III. CONCLUSION

In sum, Plaintiffs' claims for breach of express warranty, breach of the covenant of good faith and fair dealing, and unjust enrichment fail as a matter of law. Accordingly, the Court will dismiss those claims with prejudice. Similarly, Marles cannot state a claim under FDUTPA because she has suffered no actual damages, and her FDUTPA claim will be dismissed. Finally, Licul's FDUTPA claim will be dismissed without prejudice as untimely, as Licul could conceivably plead additional facts to support his allegations of fraudulent concealment to toll the applicable statute of limitations. In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

(1) Defendant's Dispositive Motion to Dismiss [DE 18] is **GRANTED**;

(2) Counts I and III through V of the Complaint herein are **DISMISSED with prejudice**;

(3) Count II is **DISMISSED with prejudice** as to Plaintiff Scheherezade Marles;

(4) Count II is **DISMISSED without prejudice** as to Plaintiff Oliver Licul; and

---

[2] That Plaintiffs' warranty and FDUTPA claims may also prove without merit does not impact whether their unjust enrichment claim should be dismissed as duplicative. See Matthews, 2012 U.S. Dist. LEXIS 90802, at *5–13 (dismissing FDUTPA claim as untimely and dismissing unjust enrichment claim as duplicative of FDUTPA claim); David v. Am. Suzuki Motor Corp., 629 F. Supp. 2d 1309, 1324–25 (S.D. Fla. 2009) (dismissing unjust enrichment claim as duplicative without determining viability of contractual claim predicated on same facts).

(5) Plaintiffs shall file any Amended Complaint on or before **December 20, 2013**. If no Amended Complaint is filed by that date, the Court will direct that this case be closed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of December, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF